*John M. Basham, for appellee.*

---

JOHN G. DELKER *v.* F. W. CRAIG, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—606.]

**Conveyance to Defraud Creditors.**

Where a husband is insolvent, his wife inherits money, he has contracted for real estate for her, she brings the money home and deposits it in her husband's name and he pays it out for the real estate as the trustee, when the deed is made it is the property of the wife. Under such circumstances the husband can not be said to have reduced his wife's money to his possession so as to make it his own and make it subject to the demands of his creditors.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 12, 1884.

OPINION BY JUDGE PRYOR:

The question made by counsel for the appellant as to the character of title the wife of F. W. Craig had to the lot of ground purchased originally by Sweeney and others at a decretal sale can not affect the rights of the wife in this case. The lot was purchased by those from whom Mrs. Craig derived title. The appellee, Delker, and the husband of Mrs. Craig purchased the property jointly, and the appellant after this sold his interest to Craig, so that when Craig sold to his wife, or when his wife paid for the property, the husband was the absolute owner. The conveyance no doubt was made at his instance by the commissioner under whom the land had been sold, and had gone off the docket. No one else had any interest in the lot at the time, and therefore there can be no complaint as to the nature of the title unless the conveyance was made in fraud of creditors. If actually or constructively fraudulent the creditor can subject it.

Is it either? The husband was insolvent and there is no attempt to show that the lot was paid for out of his own means unless the fact that the money was derived through the wife made it in law and equity the money of the husband. That Mrs. Craig had an

estate in money in Louisville about that time, derived through some of her kindred, is established beyond controversy, and the testimony of the husband is that the land was paid for with this money. The wife went after it, and her husband tells how and of whom she obtained it. When she returned from Louisville the money was deposited in bank to his credit as her trustee for the express purpose of investing it in this lot, and when the deed was made it became the property of the wife, and it is immaterial whether what is called the deed passed to her the legal or equitable title. This is not a case where the husband has reduced the money to his possession as his own, and then attempted to defeat the claims of creditors, but here before the husband got his hands upon it, the contract was made, and to effect this arrangement the money was deposited in bank. The husband being insolvent, the chancellor, at the instance of the wife, would have prevented the husband or his creditors from touching it until some provision had been made for her, and the wife having gone no further in securing her estate than the chancellor would have directed her we see no reason for disturbing the judgment. The husband swears it was the wife's money, and makes such a statement of facts connected with it as would enable the appellant to ascertain whether the statements made were true or false. This he has failed to do, and the reading of the record impresses the mind with the belief that it was a bona fide transaction. There is no pretense that the husband obtained the money in any other manner than as stated by him, and such being the case the wife's right to secure her a home out of her own money, that the husband had never used, possessed and controlled can not be denied. She was entitled to the lot, and having sold it is entitled to the proceeds as against the appellant.

Judgment *affirmed.*

*Weir, Weir & Walker, for appellant.*

*Owen & Ellis, for appellees.*